UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal No. 03-473 (GK) |
| : | |
| SEAN GINYARD and : | **FILED** |
| KEVIN JEFFERSON, : | |
| : | AUG 19 2008 |
| Defendants. : | Clerk, U.S. District and Bankruptcy Courts |

## MEMORANDUM ORDER

Defendant Kevin Jefferson has filed a Motion for Severance. Upon consideration of the Motion, the Opposition, the Reply, and the applicable case law, the Court concludes that the Motion should be **denied** for the following reasons.

1. The extensive procedural history and factual background of this case are set forth in great detail in the parties' papers, as well as in earlier Orders of this Court and the two Opinions from the Court of Appeals. Therefore, there is no need to repeat them at this time.

2. Defendant Kevin Jefferson seeks severance from his Co-defendant Sean Ginyard, pursuant to Fed. R. Crim. P. 14, on the ground that he would suffer unfair and substantial prejudice if forced to have a joint trial. Relying on United States v. Zafiro, 506 U.S. 534 (1993), Jefferson argues that admission of evidence relating to Ginyard's alleged possession with intent to distribute 134.5 grams of cocaine base which were seized from a Cadillac (the "Cadillac stash") would irretrievably prejudice the jury and prevent it from fairly considering the evidence relating to Jefferson's alleged possession with intent to distribute a far smaller amount of drugs (21.8 grams of

cocaine base), which was seized from under a nearby hubcap lying on the ground (the "hubcap stash").[1]

3.      The Government has set forth in great detail the overwhelming case law from our Court of Appeals, at pp. 2-4 of its Opposition, establishing the strong preference in this Circuit for joint trials in order to further judicial economy. While the District Court always retains the discretion to grant severance when appropriate, it should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.

4.      The Court concludes that such a "serious risk" can be avoided for the following reasons.

First, this is basically a very simple, straightforward trial involving (1) Jefferson's alleged distribution of .7 grams of cocaine base to an undercover officer, which Ginyard allegedly aided and abetted (Count I); Ginyard's alleged possession with intent to distribute the "Cadillac stash" (Count II) and Jefferson's alleged possession with intent to distribute the "hubcap stash" (Count III). Defendant Jefferson complains that the jury will not be able to compartmentalize the evidence. He argues that jurors will not be able to differentiate between evidence presented relating to his alleged possession with intent to distribute the "hubcap stash" as compared to evidence presented relating to Ginyard's alleged possession with intent to distribute the larger "Cadillac stash." The Court cannot agree. These were two separate "stashes" of drugs that the Government alleges were separately controlled by each Defendant. That is to say, the Government contends that Ginyard exercised sole

---

[1] At the first trial, Jefferson was acquitted on the charge relating to his alleged possession of the "Cadillac stash."

dominion and control of the "Cadillac stash" and Jefferson exercised sole dominion and control of the "hubcap stash."

Nevertheless, in an effort to fully address the concerns of Defendant Jefferson, the Court will require that the Government present its evidence in three separate segments: it will first present all its evidence regarding Jefferson's sale to the undercover officer with Ginyard's assistance; then it will present all its evidence regarding Defendant Jefferson and his possession of the "hubcap stash"; finally, it will present all its evidence regarding Defendant Ginyard's possession of the "Cadillac stash." This procedure may entail some duplicative or overlapping testimony. However, this minor inconvenience will be more than justified in order to fully protect the interests of Defendant Jefferson.

Second, counsel will present to the Court, well in advance of trial, all proposed limiting instructions. The jury will be instructed very carefully at the beginning of the trial, during the trial, and at the close of the trial, as to what charges are being brought against each Defendant, what evidence is admitted against only Defendant Ginyard, and what evidence may not be considered in any manner whatsoever against Defendant Jefferson.

Third, Defendant Jefferson accurately cites the Court's critical comments about the Government's extremely confusing presentation of evidence at the first trial. The Government is not going to be allowed to make that mistake again. There will be a pretrial conference held on **October 27, 2008, at 4:00 p.m.** at which there will be a detailed discussion of the Government's evidence to minimize any chance of jury confusion. Moreover, in order to avoid any prejudicial surprises at trial, counsel will be required to file all Motions in Limine by **October 17, 2008**.

5.  Defendant Jefferson relies heavily on United States v. Day, 591 F.2d 861 (D.C. Cir. 1978). While both Day and this case involve the proper use of evidence upon which one co-defendant has been acquitted, the similarity ends there. In Day, the Government sought to use as "other crimes" evidence against Day the evidence introduced at an earlier trial, in which Day's co-defendant had been acquitted. Id. at 869-70. In this case, the Government will be allowed to use the evidence relating to the "Cadillac stash" only against Defendant Ginyard. Defendant Jefferson is no longer charged in the redacted Indictment with possession of the narcotics in the Cadillac, and the jury will be clearly instructed that it is not to consider evidence relating to the Cadillac stash with regard to Defendant Jefferson. The Government represents that, as to Defendant Jefferson, it will be relying upon a videotape that allegedly shows him selling .7 grams of cocaine base to an undercover officer and then retrieving additional cocaine base from under the hubcap, and has no need to rely on the "Cadillac stash" evidence to bolster its case concerning Jefferson's alleged possession with intent to distribute the "hubcap stash."

**WHEREFORE**, it is this 19th day of August, 2008, hereby

**ORDERED**, that the Motion for Severance is **denied**.

*/s/ Gladys Kessler*
Gladys Kessler
United States District Court

**Copies via ECF to all counsel of record**